UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
IN TACOMA

| | |
|---|---|
| LISA BENNETT,<br><br>    Plaintiff,<br><br>v.<br><br>INTERFOR PACIFIC, INC.,<br><br>    Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES |

Lisa Bennett (Plaintiff) alleges and complains against Interfor Pacific, Inc. (Defendant) as follows:

## I. JURISDICTION AND VENUE

a. This action arises from an employment relationship involving Plaintiff and Defendant. Plaintiff alleges causes of action based on violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, on 29 U.S.C. § 206(d), and on violations of Washington state law.

SCOTT, KINNEY, FJELSTAD & MACK
600 UNIVERSITY STREET, SUITE 1928
SEATTLE, WASHINGTON 98101-4178
TELEPHONE (206) 622-2200

COMPLAINT FOR DAMAGES
Page - 1

b. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. The court has ancillary or supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

c. Venue is proper in this court under 28 U.S.C. § 1391 because the employment practices giving rise to Plaintiff's claims transpired in the Western District of Washington, and Plaintiff was a resident of the Western District of Washington at all material times.

d. Plaintiff timely filed a claim with the Washington State Human Rights Commission. That filing constituted a joint filing with the federal Equal Employment Opportunity Commission (EEOC) pursuant to a work sharing agreement between the two agencies. The claim contained the same allegations of discrimination and retaliation as Plaintiff raises in this Complaint. On or about January 26, 2010, the EEOC issued Plaintiff a right to sue notice. Accordingly, this suit is timely filed.

## II.    FACTS

a. Plaintiff began working at a Port Angeles mill in or about 1998, which Defendant, a subsidiary of a Canada-based entity, acquired in 2004. Defendant processes and sells wood products.

b. In or about January, 2008, Plaintiff was promoted into a supervisory position. She was not given a raise, but told the issue of pay rate would be addressed later. The male who had previously held that position had been salaried, a status that provided benefits in addition to higher pay. After about 6 months, Defendant having failed to address the issue, Plaintiff inquired about her pay rate. She was given a raise at that time,

SCOTT, KINNEY, FJELSTAD & MACK
600 UNIVERSITY STREET, SUITE 1928
SEATTLE, WASHINGTON 98101-4178
TELEPHONE (206) 622-2200

COMPLAINT FOR DAMAGES
Page - 2

but it was not made retroactive. She was not put on salary; she was the only unsalaried supervisor in the mill.

c. In early 2009, after Defendant had reduced the mill from two shifts to one per day, Plaintiff's male supervisor began a pattern of criticizing her work. He did not treat males under his supervision in the same manner. Plaintiff complained to human resources about his treatment of her. Approximately two weeks later, she was demoted to a grader position, and her pay rate was greatly reduced. Male employees who were demoted at or around the same time for economic reasons, did not suffer pay reductions. A male, who was less qualified than her, replaced Plaintiff in her supervisory position. He was placed on salary.

d. At this time, Plaintiff remains at a lower pay rate than are males of comparable experience and skill levels.

### III.   VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### (42 U.S.C. § 2000e *et seq.*)

a. At all material times, Defendant was an employer with the requisite number of employees to make Defendant subject to the provisions of 42 U.S.C. § 2000e.

b. At all material times, Plaintiff has adequately performed her job functions.

c. Defendant has treated Plaintiff in a disparate manner because of her gender. Among other things, after promoting Plaintiff to a supervisory position, Defendant denied her a salary and its attendant benefits, and otherwise paid her less than male supervisors, because of her gender. Further, Defendant demoted Plaintiff and reduced rate her of pay, though demoted males did not experience reduced pay. These actions constituted

SCOTT, KINNEY, FJELSTAD & MACK
600 UNIVERSITY STREET, SUITE 1928
SEATTLE, WASHINGTON 98101-4178

COMPLAINT FOR DAMAGES
Page - 3

TELEPHONE (206) 622-2200

unlawful employment practices violating Title VII of the Civil Rights Act of 1964 as amended by Title I of the Civil Rights Act of 1991.

d.  Defendant's employment practices as alleged above deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee. Plaintiff suffered lost wages and benefits of employment in an amount to be proved at trial, and also suffered emotional harm.  Plaintiff will continue to suffer such emotional harm.

e.  Defendant's acts were undertaken intentionally or with reckless disregard for Plaintiff's federally protected employment rights.  To deter future such abusive conduct, Plaintiff seeks punitive damages from Defendant.  She is also entitled to recover her litigation costs and attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k).

## IV.    EQUAL PAY ACT (29 U.S.C. § 206(d))

a.  As described above, Defendant discriminated in the workplace by paying Plaintiff, a female, wages at a rate less than that paid to males at the same place of work for work that involved equal skill, effort, and responsibility under similar working conditions.

b.  As a result of the practice described above, Plaintiff has lost, and continues to lose, wages.  Defendant's actions were not undertaken in good faith and, accordingly, she is entitled to liquidated damages pursuant to 29 U.S.C. § 260.

## V.    GENDER DISCRIMINATION (RCW 49.60.180)

SCOTT, KINNEY, FJELSTAD & MACK
600 UNIVERSITY STREET, SUITE 1928
SEATTLE, WASHINGTON 98101-4178

COMPLAINT FOR DAMAGES
Page - 4

TELEPHONE (206) 622-2200

a. The factual allegations set forth above establish violations of RCW 49.60.180 for gender discrimination.

b. As a proximate result of the above-referenced violations, Plaintiff has suffered those damages set forth in ¶ III.d. above, and is entitled to all remedies which RCW 49.60.030 provides.

## VI.    PRAYER FOR DAMAGES

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that she be awarded the following:

a. Damages for lost income, including lost future income;

b. Damages for lost pecuniary benefits, including lost future pecuniary benefits;

c. Damages for emotional distress;

d. Prejudgment interest;

e. Punitive damages;

f. Liquidated damages;

g. Damages to alleviate any tax consequences of an award of compensatory or punitive damages;

h. Reasonable attorneys' fees and costs; and

i. Such other and further relief as might be appropriate.

Dated this 23rd day of April, 2010.

SCOTT, KINNEY, FJELSTAD & MACK

COMPLAINT FOR DAMAGES
Page - 5

SCOTT, KINNEY, FJELSTAD & MACK
600 UNIVERSITY STREET, SUITE 1928
SEATTLE, WASHINGTON 98101-4178
TELEPHONE (206) 622-2200

Daniel R. Fjelstad, WSBA #18025
Attorneys for Plaintiff
SCOTT, KINNEY, FJELSTAD & MACK
600 University Street, Suite 1928
Seattle, Washington 98101
Phone: (206) 622-2200
Fax: (206) 622-9671
Email: fjelstad@skf-law.com

SCOTT, KINNEY, FJELSTAD & MACK
600 UNIVERSITY STREET, SUITE 1928
SEATTLE, WASHINGTON 98101-4178

TELEPHONE (206) 622-2200

COMPLAINT FOR DAMAGES
Page - 6