THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA BENNETT,<br><br>        Plaintiff,<br><br>    v.<br><br>INTERFOR PACIFIC, INC.,<br><br>        Defendant. | No. C10-5277 BHS<br><br>**AMENDED COMPLAINT FOR DAMAGES** |

Lisa Bennett (Plaintiff) alleges and complains against Interfor Pacific, Inc. (Defendant) as follows:

## I.    JURISDICTION AND VENUE

a.   This action arises from an employment relationship involving Plaintiff and Defendant.  Plaintiff alleges causes of action based on violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, on 29 U.S.C. § 206(d), and on violations of Washington state law.

| | |
|---|---|
| AMENDED COMPLAINT FOR DAMAGES<br>PAGE 1 OF 7 | **SCOTT, KINNEY, FJELSTAD & MACK**<br>600 UNIVERSITY, SUITE 1928<br>SEATTLE, WA 98101-4178<br>TEL: (206) 622-2200<br>FAX: (206) 622-9671 |

b.   This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1343.  The court has ancillary or supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

c.   Venue is proper in this court under 28 U.S.C. § 1391 because the employment practices giving rise to Plaintiff's claims transpired in the Western District of Washington, and Plaintiff was a resident of the Western District of Washington at all material times.

d.   Plaintiff timely filed a claim with the Washington State Human Rights Commission.  That filing constituted a joint filing with the federal Equal Employment Opportunity Commission (EEOC) pursuant to a work sharing agreement between the two agencies.  The claim contained the same allegations of discrimination and retaliation as Plaintiff raises in this Complaint.  On or about January 26, 2010, the EEOC issued Plaintiff a right to sue notice.  Accordingly, this suit is timely filed.

## II.   FACTS

a.   Plaintiff began working at a Port Angeles mill in or about 1998, which Defendant, a subsidiary of a Canada-based entity, acquired in 2004.  Defendant processes and sells wood products.

b.   In or about January, 2008, Plaintiff was promoted into a supervisory position. She was not given a raise, but told the issue of pay rate would be addressed later.  The male who had previously held that position had been salaried, a status that provided benefits in addition to higher pay.  After about 6 months, Defendant having failed to address the issue, Plaintiff inquired about her pay rate.  She was given a raise at that time, but it was not made retroactive.  She was not put on salary; she was the only unsalaried supervisor in the mill.

| AMENDED COMPLAINT FOR DAMAGES PAGE 2 OF 7 | SCOTT, KINNEY, FJELSTAD & MACK 600 UNIVERSITY, SUITE 1928 SEATTLE, WA 98101-4178 TEL: (206) 622-2200 FAX: (206) 622-9671 |
| --- | --- |

c.  In early 2009, after Defendant had reduced the mill from two shifts to one per day, Plaintiff's male supervisor began a pattern of criticizing her work.  He did not treat males under his supervision in the same manner.  Plaintiff complained to human resources about his treatment of her.  Approximately two weeks later, she was demoted to a grader position, and her pay rate was greatly reduced.  Male employees who were demoted at or around the same time for economic reasons, did not suffer pay reductions. A male, who was less qualified than her, replaced Plaintiff in her supervisory position.  He was placed on salary.

d.  At this time, Plaintiff remains at a lower pay rate than are males of comparable experience and skill levels.

e.  During Plaintiff's eleven years of employment, she had an exemplary employment record with only one written warning in September 2006 for "computer use." Since Plaintiff filed her claim with the Washington State Human Rights Commission (which constituted a joint filing with the EEOC) against Defendant, in or around May 2009, on the basis of gender discrimination and retaliation, Ms. Bennett has received seven disciplinary warnings (six written, one verbal), ranging from excessive attendance occurrences to safety violations from October, 2009, through August, 2010.  She has been suspended multiple times as a result of such warnings.

f.  Since filing her claim, Plaintiff's supervisors have "nitpicked" her performance and watched her, in particular, more closely than other employees.

///

///

| AMENDED COMPLAINT FOR DAMAGES<br>PAGE 3 OF 7 | SCOTT, KINNEY, FJELSTAD & MACK<br>600 UNIVERSITY, SUITE 1928<br>SEATTLE, WA 98101-4178<br>TEL: (206) 622-2200<br>FAX: (206) 622-9671 |
| --- | --- |

### III.   VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### (42 U.S.C. § 2000e *et seq.*)

a.  At all material times, Defendant was an employer with the requisite number of employees to make Defendant subject to the provisions of 42 U.S.C. § 2000e.

b.  At all material times, Plaintiff has adequately performed her job functions.

c.  Defendant has treated Plaintiff in a disparate manner because of her gender. Among other things, after promoting Plaintiff to a supervisory position, Defendant denied her a salary and its attendant benefits, and otherwise paid her less than male supervisors, because of her gender. Further, Defendant demoted Plaintiff and reduced her rate of pay, though demoted males did not experience reduced pay.

d.  Moreover, during Plaintiff's eleven years of employment, Plaintiff's work performance was exemplary and she only had one disciplinary warning in 1996 for "computer use." Since Plaintiff filed her claim with the Washington State Human Rights Commission against Defendant on the basis of gender discrimination and retaliation, a protected activity, Defendant has disciplined Plaintiff on seven occasions, ranging from excessive attendance occurrences to safety violations. She has been suspended multiple times as a result of such warnings. Defendant's actions constitute adverse employment actions. There is a causal link between Defendant's actions and Plaintiff's claim filing, which is demonstrated by Plaintiff's nearly flawless employment record over eleven years, and the close proximity in time between Plaintiff's claim and the series of several disciplinary warnings handed down by Defendant supervisors soon after the filing of her claim.

| AMENDED COMPLAINT FOR DAMAGES<br>PAGE 4 OF 7 | SCOTT, KINNEY, FJELSTAD & MACK<br>600 UNIVERSITY, SUITE 1928<br>SEATTLE, WA 98101-4178<br>TEL: (206) 622-2200<br>FAX: (206) 622-9671 |

e.  Since filing her claim, Plaintiff's supervisors have also "nitpicked" her work performance and watched her, in particular, more closely than other employees.

f.  These actions constitute unlawful employment practices, including, but not necessarily limited to, gender discrimination and retaliation, violating Title VII of the Civil Rights Act of 1964 as amended by Title I of the Civil Rights Act of 1991.

g.  Defendant's employment practices as alleged above deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee. Plaintiff suffered lost wages and benefits of employment in an amount to be proved at trial, and also suffered emotional harm.  Plaintiff will continue to suffer such emotional harm.

h.  Defendant's acts were undertaken intentionally or with reckless disregard for Plaintiff's federally protected employment rights.  To deter future such abusive conduct, Plaintiff seeks punitive damages from Defendant.  She is also entitled to recover her litigation costs and attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k).

## IV.    EQUAL PAY ACT (29 U.S.C. § 206(d))

a.  As described above, Defendant discriminated in the workplace by paying Plaintiff, a female, wages at a rate less than that paid to males at the same place of work for work that involved equal skill, effort, and responsibility under similar working conditions.

b.  As a result of the practice described above, Plaintiff has lost, and continues to lose, wages.  Defendant's actions were not undertaken in good faith and, accordingly, she is entitled to liquidated damages pursuant to 29 U.S.C. § 260.

## V.    GENDER DISCRIMINATION (RCW 49.60.180)

a.  The factual allegations and Section III set forth above, establish violations of RCW 49.60.180 for gender discrimination.

| AMENDED COMPLAINT FOR DAMAGES<br>PAGE 5 OF 7 | SCOTT, KINNEY, FJELSTAD & MACK<br>600 UNIVERSITY, SUITE 1928<br>SEATTLE, WA 98101-4178<br>TEL: (206) 622-2200<br>FAX: (206) 622-9671 |
|---|---|

b. As a proximate result of the above-referenced violations, Plaintiff has suffered those damages set forth in ¶ III.d. above, and is entitled to all remedies which RCW 49.60.030 provides.

## VI.    <u>RETALIATION (RCW 49.60.210)</u>

a. The factual allegations and Section III set forth above establish violations of RCW 49.60.210 for retaliation.

b. As a proximate result of the above-referenced violations, Plaintiff has suffered those damages set forth in ¶ III.d. above, and is entitled to all remedies which RCW 49.60.210 provides.

## VII.    <u>PRAYER FOR DAMAGES</u>

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that she be awarded the following:

a. Damages for lost income, including lost future income;

b. Damages for lost pecuniary benefits, including lost future pecuniary benefits;

c. Damages for emotional distress;

d. Prejudgment interest;

e. Punitive damages;

f. Liquidated damages;

g. Damages to alleviate any tax consequences of an award of compensatory or punitive damages;

h. Reasonable attorneys' fees and costs; and

///

| AMENDED COMPLAINT FOR DAMAGES<br>PAGE 6 OF 7 | **SCOTT, KINNEY, FJELSTAD & MACK**<br>600 UNIVERSITY, SUITE 1928<br>SEATTLE, WA 98101-4178<br>TEL: (206) 622-2200<br>FAX: (206) 622-9671 |
|---|---|

i.    Such other and further relief as might be appropriate.


Dated this _____ day of January, 2011.

SCOTT, KINNEY, FJELSTAD & MACK


Daniel R. Fjelstad, WSBA #18025
Erica Shelley Nelson, WSBA # 43235
Attorneys for Plaintiff
SCOTT, KINNEY, FJELSTAD & MACK
600 University Street, Suite 1928
Seattle, Washington 98101
Phone: (206) 622-2200
Fax: (206) 622-9671
Email: fjelstad@skf-law.com

| AMENDED COMPLAINT FOR DAMAGES PAGE 7 OF 7 | SCOTT, KINNEY, FJELSTAD & MACK 600 UNIVERSITY, SUITE 1928 SEATTLE, WA 98101-4178 TEL: (206) 622-2200 FAX: (206) 622-9671 |