UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LISA BENNETT,

        Plaintiff,

v.

INTERFOR PACIFIC, INC.,

        Defendant.

CASE NO. C10-5277BHS

ORDER

This matter comes before the Court on Defendant Interfor Pacific, Inc.'s ("Interfor") motion to compel (Dkt. 17) and motion for leave to file an overlength brief (Dkt. 22). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part and denies in part the motion to compel and grants the motion for leave to file an overlength brief for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On April 23, 2010, Plaintiff Lisa Bennett ("Bennett") filed a complaint against Interfor. Dkt. 1. On January 14, 2011, Bennett filed an amended complaint alleging violations of the Civil Rights Act, Equal Pay Act, Gender Discrimination, and Retaliation. Dkt. 9 at 4-6. Bennett alleges that, because of Interfor's employee's actions, she has "suffered emotional harm" and "will continue to suffer emotional harm." *Id*. at 5. Bennett requests damages for, among other things, "emotional distress." *Id*. at 6.

During discovery, Interfor served Bennet with requests for production, which included a request as follows:

ORDER - 1

REQUEST FOR PRODUCTION NO. 14: For each and every physician, psychologist, psychiatrist, counselor, mental health professional, doctor, physical therapist, or other health care provider you have seen from September 1, 2004 to the present, for purposes of diagnosis, treatment, assessment, counseling or any other care, produce a completed and signed release attached hereto as Exhibit A for the procurement of your records.

Dkt. 16, Declaration of Elena C. Burt ("Burt Decl."), Exh. A. Bennett responded to this request as follows:

RESPONSE: Objection. This request seeks information and documents that violate Ms. Bennett's privacy rights. This requests [sic] seeks information and documents that are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this request is overbroad as to time as it seeks information and documents prior to the time period relevant to this action.

*Id*.

On June 2, 2011, Interfor filed a motion to compel requesting that the Court:

either (1) order Bennett to identify her healthcare providers and provide authorizations for the release of her healthcare records for the time period of September 1, 2004 through the present within 10 business days or, in the alternative (2) strike Bennett's allegations of and claim for emotional distress damages.

Dkt. 15 at 9. On June 13, 2011, Bennett responded. Dkt. 17. On June 17, 2011, Interfor replied. Dkt. 20.

On June 20, 2011, Interfor filed a motion for leave to file an overlength brief. Dkt. 22. Interfor claims that it filed an overlength reply brief (Dkt. 20) and requests that the Court consider its brief despite this defect. Dkt. 22 at 1.

## II. DISCUSSION

**A.    Motion for Leave to File Overlength Brief**

The Court grants Interfor's motion for leave to file an overlength brief because the Court finds that Bennett will not be prejudiced by Interfor's failure to follow the local rules.

ORDER - 2

**B.     Motion to Compel**

Federal Rule of Civil Procedure 26 governs discovery and provides, in part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).

If a party fails to answer an interrogatory or a request for production or objects, the requesting party may move to compel disclosure pursuant to Federal Rule of Civil Procedure 37.  Fed. R. Civ. P. 37(a)(3)(B).  The motion must certify that the parties have made a good faith effort to confer and resolve the dispute themselves.  Fed. R. Civ. P. 37(a)(1).  A good faith effort to confer "requires a face-to-face meeting or a telephone conference."  Local Civil Rule 37(a)(2)(A).

In this case, the parties dispute whether Bennet should produce her mental health care records and her health care records.  With regard to the former, Bennett asserts that she did not seek mental health treatment or care from the period of January 1, 2004 to the present.  Therefore, the Court denies Interfor's motion as to mental health records and the issue of whether Bennett waived the psychologist-patient privilege because Bennett is unable to produce what does not exist.

With regard to Bennett's health care records, Bennett has chosen to put her health at issue in this case.  Bennett, however, asserts that she is only claiming damages for "garden variety" emotional distress, which does not require disclosure of her health care records.  The parties have failed to cite and the Court is unaware of any binding authority for the proposition that the standard for the production of information is based on whether

the alleged emotional distress is only "garden variety." Thus, production will be governed by the standards set forth in Fed. R. Civ. P. 26(b)(1).

Interfor argues that Bennett's health records are reasonably calculated to lead to discoverable information because "the records may support or refute Bennett's alleged emotional distress and the extent of the same." Dkt. 15 at 5. The Court agrees. Bennett, however, argues that, during the relevant time period, she only sought very limited, unrelated medical health treatment and care. Dkt. 17 at 10. This contention is without merit because information subject to discovery need not be admissible at trial. *See* Fed. R. Civ. P. 26(b)(1). Bennett's concerns regarding privacy and disclosure may be handled with appropriate non-disclosure agreements or orders should the need arise. Bennett's concern regarding the discoverable time period being overbroad is without merit as Interfor's defenses may reasonably be based on Bennett's conditions or state of health prior to the dates of the allegations in the complaint. Therefore, the Court grants Interfor's motion as to Bennett's health records.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Interfor's motion to compel (Dkt. 17) is **GRANTED in part** and **DENIED in part** and motion for leave to file an overlength brief (Dkt. 22) is **GRANTED** as stated herein.

DATED this 27th day of June, 2011.

BENJAMIN H. SETTLE
United States District Judge